IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
March 17, 2006 Session

## JOHN JAY HOOKER v. BETTYE L. NIXON, ET AL.

### Appeal from the Circuit Court for Davidson County
No. 04C-2737      Donald P. Harris, Judge

### No. M2005-01383-COA-R3-CV - Filed March 29, 2006

Plaintiff filed this action to challenge the constitutionality of the Charter provision of the Metropolitan Government of Nashville Davidson County, Tennessee that imposes term limits on certain elected offices.  The defendants filed a motion to dismiss contending the plaintiff did not have standing to maintain the action because he had not sustained a private injury distinct from other voters.  The trial court agreed and dismissed the complaint. Finding no error, we affirm.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court
Affirmed

WILLIAM C. KOCH, JR., P.J., M.S., WILLIAM B. CAIN, J., and FRANK G. CLEMENT, JR., J., delivered the opinion of the court.

John Jay Hooker, Nashville, Tennessee, Pro Se.

Karl F. Dean, Director of Law; Lora Barkenbus Fox, J. Brooks Fox and John L. Kennedy, Department of Law of the Metropolitan Government of Nashville and Davidson County, for the appellee, Bettye L. Nixon, et al.

### OPINION

The plaintiff challenges the constitutionality of the Metro Charter provision that imposes term limits on certain elected offices; however, the sole issue on appeal is whether the plaintiff has legal standing.

The Charter provision at issue is 1.07(a).  The plaintiff contends that he, as a voter, has a property right to vote and that Metro Charter provision 1.07(a), which imposes term limits, interferes with that property right, thereby causing personal injury and harm to him.  He contends the alleged interference is impermissible based upon the holding in *Parks v. Alexander*, 608 S.W.2d 881 (Tenn. Ct. App. 1980).

The trial court dismissed the plaintiff's complaint for lack of standing, holding:

> The mere status of a taxpayer or a voter is not enough for a plaintiff to show that he has standing to sue. . . . The plaintiff's pleadings including his amended complaint as well as his statements in open court make it clear that the plaintiff brings this lawsuit due to his status as a voter; . . .

Following the filing of a motion to alter or amend the order of dismissal, the trial court entered another order, holding:

> [T]he mere status of a taxpayer or voter is not enough for a plaintiff to show that he has standing too sue. . . the plaintiff's pleadings, including his Amended Complaint, as well as his statements in open Court make it clear that the Plaintiff brings this lawsuit due to his status as a voter;
>
> It is therefore ORDERED, ADJUDGED AND DECREED that the Plaintiff's Amended Complaint filed March 16, 2005 and his Motion to Alter and Amend do not present sufficient facts to support the Plaintiff's assertion that he has standing in this matter to bring suit. . . .

The defendants principally rely upon *Miyazawa v. City of Cincinnati*, 45 F.3d 126 (6th Cir. 1995). In *Miyazawa* the plaintiff, a voter, filed a declaratory judgment action to challenge the city charter that placed term limits on council members. The trial court held that the plaintiff lacked standing because the threat of injury was not real or immediate, but hypothetical and dismissed the complaint. Ms. Miyazawa appealed. United States Circuit Court Judge Siler authored a thorough and well reasoned opinion for the *Miyazawa* court. Relevant portions of that opinion are repeated below:

> Voters' rights under the First and Fourteenth Amendments were defined in *Anderson v. Celebrezze*, 460 U.S. 780, 787, 103 S.Ct. 1564, 1569, 75 L.Ed.2d 547 (1983), as "'the right of individuals to associate for the advancement of political beliefs, and the right of qualified voters . . . to cast their votes effectively.'" (quoting *Williams v. Rhodes*, 393 U.S. 23, 30-31, 89 S.Ct. 5, 10, 21 L.Ed.2d 24 (1968)). Miyazawa is entitled to these rights, but she lacks standing because the threat of injury is neither real nor immediate, but is hypothetical. As the plaintiff, she bears the burden of demonstrating that the government's regulation of another party causes her to lose a constitutional right. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, [562], 112 S.Ct. 2130, 2137, 119 L.Ed.2d 351 (1992). When she is not the object of the government action, standing is not impossible to prove, "but it is ordinarily 'substantially more difficult' to establish." *Id.* (quoting *Allen v. Wright*, 468 U.S. 737, 758, 104 S.Ct. 3315, 3328, 82 L.Ed.2d 556 (1984)). She has not demonstrated her standing here. *Cf. Jaimes v. Toledo Metropolitan Housing Authority*, 758 F.2d 1086, 1093 (6th Cir.1985). Given the ruling in *Jaimes*, Miyazawa's contention that she has

-2-

standing through the "capable of repetition, yet evading review" ripeness doctrine, *see Southern Pacific Terminal Co. v. ICC*, 219 U.S. 498, 515, 31 S.Ct. 279, 283, 55 L.Ed. 310 (1911), is meritless.

Miyazawa contends that the ruling in *Zielasko v. State of Ohio*, 873 F.2d 957 (6th Cir. 1989), is applicable here. However, we disagree. In that case, Judge Zielasko, who was more than seventy years of age, and Ms. Bowman, a voter who supported him, brought an action challenging the constitutionality of an Ohio constitutional provision precluding the election or appointment of any judicial officer over the age of seventy. The state argued that as Zielasko had not taken any action to promote his candidacy or to secure his place on the ballot, neither he nor Bowman had standing. We found that Zielasko had standing because had he personally promoted his candidacy, this would have caused him to run the risk of a criminal penalty for "election falsification," as he would have had to sign a document declaring he was under seventy years of age. Accordingly, the fear of some certain legal penalty may constitute an actual harm or injury sufficient to save a case from dismissal. Bowman's standing was recognized through Zielasko.

In this case, no such harm can be found. Miyazawa has merely asserted a general complaint that an unidentified candidate that she may want to vote for may not be eligible to run for that office. She has demonstrated no close relationship to, or any personal stake in, the claim made. No one is guaranteed the right to vote for a specific individual. *Zielasko*, 873 F.2d at 961. Miyazawa has suffered no harm, nor will she suffer any greater harm than that of any other voter in the City of Cincinnati, that would provide her standing herein.

Miyazawa asserts that other cases have recognized a voter's standing to challenge statutes under which potential candidates were denied access to the ballot and that this circuit should follow suit. However, a review of these cases reveals that they are easily distinguishable from that at bar. For example, while the Supreme Court in *Bullock v. Carter*, 405 U.S. 134, 92 S.Ct. 849, 31 L.Ed.2d 92 (1972), allowed a suit by voters to challenge state ballot access requirements, the voters/plaintiffs were persons who were seeking to become candidates but were barred therefrom under the subject statute. In *Erum v. Cayetano*, 881 F.2d 689 (9th Cir.1989), a voter was allowed to challenge a state ballot access requirement. In *Erum*, the plaintiff/voter was a non-partisan candidate who was seeking to become a candidate but was barred by the applicable statute. [footnote omitted] Finally, in *Henderson v. Ft. Worth Independent School District*, 526 F.2d 286 (5th Cir.1976), cert. denied, 441 U.S. 906, 99 S.Ct. 1996, 60 L.Ed.2d 375 (1979), a voter wishing to support a particular potential candidate was found to have standing to challenge a state statute ballot requirement.

While the general language of the opinions in these cases seems to support Miyazawa's position, a careful review reveals that in each case, the plaintiff/voter had a personal stake in the outcome of the election (i.e., the voter was a potential candidate, a supporter of the potential candidate, or was unable to vote for his specific candidate of choice due to the subject law), unlike Miyazawa, who only alleges that sometime in the future she may want to vote for an unidentified candidate who may not meet the requirements of the subject legislation. Clearly, Miyazawa does not have a sufficient personal stake in the outcome to possess standing to bring this action.

*Miyazawa*, 45 F.3d at 126-128.

The plaintiff before this court, like Ms. Miyazawa, has failed to establish that he has a sufficient personal stake in the outcome. Moreover, in that the facts and issue before us are substantially similar to those in *Miyazawa*, and our resolution of the issue presented is consistent with that in *Miyazawa*, we see no benefit by expounding further, other than to confirm that we affirm the ruling of the trial court.

The judgment of the trial court is affirmed, and this matter is remanded with costs of appeal assessed against appellant, John Jay Hooker.

_____
WILLIAM C. KOCH, JR., P.J., M.S.

_____
WILLIAM B. CAIN, JUDGE

_____
FRANK G. CLEMENT, JR., JUDGE